STATE OF MAINE
PENOBSCOT, SS.

FILED & ENTERED
SUPERIOR COURT

MAR 10 2004

PENOBSCOT COUNTY

SUPERIOR COURT
Docket No. CV-03-13

AMM-PEN-3/10/2004

GARY WALKER and )
MELANIE WALKER, )
        Plaintiffs, )
             )
             )
             )
      v. )
             )
             )
MAINE SPORTS COMPLEX, )
LLC,, and PETER MADIGAN, )
        Defendants. )

**DECISION AND JUDGMENT**

DONALD L. (...)
LA(...)

APR 16 2004

## FINDINGS

    The facts surrounding the parties' relationship are not in significant dispute, although the precise nature of their agreement forms the crux of this disagreement. Plaintiff[1] has commenced a multiple count Complaint claiming certain amounts due from the Defendants.

    Plaintiff is a former professional soccer player from the United Kingdom who came to the United States to pursue opportunities in coaching and development. He owns All-Pro Soccer and Sports Camps (herein referred to as "All-Pro") and obtained an investor's visa (E-2) for his ventures in the United States. He quickly perceived the need for a year-round indoor sports facility in eastern Maine and set about making plans for such a facility and sought investors.

    Defendant Walker became an investor and Chief Executive Officer of the facility which came to be known locally as "the Dome" and operated under ownership of Defendant Maine Sports Complex, LLC (herein, Maine Sports). The Plaintiff signed on as Operations Manager for the corporation. As Plaintiff's status had changed (he was no longer "investor-self-employed), he applied for an H 1-B visa in conjunction with his new employment role with Maine Sports.

    The relationship between Maine Sports and the Plaintiff was clarified in a document entitled "CONTRACT Between Maine Sports Complex and Gary Walker: Operations Manager." See Plaintiff's Exhibit 2. Paragraph 1 of the contract provides:

    Gary Walker's (GW) annual consultancy salary commencing employment at Maine Sports Complex (MSC), to be $33,000 per annum. This will rise to a salary set by Maine Labor Certification (sic). A review on a yearly basis (minimum cost of living rise). Within 2002, salaries to be reviewed quarterly....

---

[1] - Throughout this Decision and Judgment, the court will refer to Gary Walker as the Plaintiff.

Paragraph 3 mandates three months minimum notice for cessation of employment. Paragraph 8 provided for a contribution by Maine Sports Complex of "...up to $450 per month towards GW's health insurance."

Paragraph 10 provides:

> H-1B has not been awarded by May 1st salary will be increased to maximum of $54, 000 as per labour certification board. Please note: Gary Walker's contract should run concurrently with his H-1B visa. A further review regarding financing brought to the facility by Gary Walker for further development at the facility needs to be addressed regarding the eventuality of the sale of the facility and Gary Walker's income.

All parties signed the contract on May 1, 2002.

Although the contract is extremely poorly written from a legal point of view, the court is able to discern the parties intentions without difficulty and otherwise finds the contract to be unambiguous. Paragraph 1 establishes a salary ($33,000 per year) which **will** (emphasis supplied) rise to a salary set by the Maine Labor Certification.[2]

Although paragraph 1 makes no reference to when this increase in salary commences, paragraph 10 does. It provides that the granting of the H 1-B visa triggers the contractual provisions (including the increased salary).[3] The earlier reference to the $33,000 salary simply clarifies and memorializes the parties' agreement and understanding of Plaintiff's compensation rate prior to the effective start of the written contract.

Although Maine Sports claims to have considered Plaintiff an independent consultant, it is clear to the court that he was, in fact, an employee. Although he had the prerogative of pursuing gainful ventures outside his duties at Maine Sport, these activities were restricted to an area outside an 80 mile radius of Maine Sports and could not "...distract or impact from GW's position at MSC...". Further, the contract provided at paragraph 8:

> It should be noted that MSC will be GW's primary employment and therefore GW must complete and fulfill all his obligations as Manager of MSC in a satisfactory and professional manner prior to undertaking additional work outside of MSC."

It is clear that the parties are creating only a small window for outside ventures and that Plaintiff's "...primary employment..." is with Maine Sport. Although Plaintiff had considerable discretion in determining the actual operational end of Maine Sports, he was acting within the scope and prerogative of any upper level salaried executive in any business venture. He was not a paving contractor hired to build a driveway or an accountant to audit financial records. He clearly was an employee of Maine Sports.

---

[2] - This is clearly a reference to the prevailing wage figure to be supplied by Maine Department of Labor in conjunction with the H 1-B visa request.

[3] - "...Gary Walker's contract should run concurrently with his H-1B visa..."

Maine Sport terminated the Plaintiff's employment without compliance with the contractually mandated three month period and failed to compensate him for his return flight to England when his visa status changed.

The forgoing conclusions of the court are supported by the testimony of the Plaintiff which the court finds credible.

The court finds that Maine Sport was a viable corporation at all times mentioned herein and that Defendant Madigan acted at all times as its duly authorized agent.

## CONCLUSIONS

Plaintiff was entitled to be compensated at the rate of $4,458 per month pursuant to the terms of the contract while his H 1-B visa was in effect. However, he received (through his company All-Pro) $3000 per month.[4] The resulting difference is $1,458. For the months of May through October (when Plaintiff was terminated from employment), 2002, the cumulative difference is $8,748. Similarly, the failure of Maine Sports to follow the three month cessation provision entitled Plaintiff for compensation for those months (the sum of $13,374).

Plaintiff is entitled to the cost of his ticket to return to England ($667.00).

The court declines to award damages for "start-up" efforts or other compensatory damages as the Plaintiff has failed to demonstrate a basis for entitlement to such amounts and has not proven a basis for a specific computation of such amounts.

The court finds no basis upon which to hold Defendant Madigan personally liable for the obligations of the corporation as noted herein.

The court finds no basis for recovery on behalf of Plaintiff Melanie Walker.

The court is satisfied that 26 MRSA §621 entitles Plaintiff to a trebling of the total of his withheld regular wages for a total of $26,244. Added with his three month "severance pay" of $13,374, and airline fare of $667, Plaintiff is entitled to total compensatory damages of $40,285..

The court also awards Plaintiff attorney's fees of $13,728.06, plus interest and costs of court.

## JUDGMENT

Judgment is rendered in favor of Plaintiff Gary Walker against Defendant Maine Sports Complex on Counts I, II, V, and VI of the Complaint in the amount of $40,285 compensatory damages, attorneys' fees of $13,728.06, interest and costs.

---

[4] - The insurance contributions are not affected by these circumstances.

Judgment is rendered in favor of Defendants on all other counts. Judgment is granted in favor of Defendant Peter Madigan on all counts.

The Clerk may incorporate this Decision upon the docket by reference.

Dated: March 10, 2004

_____
Andrew M. Mead
JUSTICE, MAINE SUPERIOR COURT

GARY WALKER  - PLAINTIFF
141 BAKER ROAD
WINTERPORT ME 04496
Attorney for: GARY WALKER
ANNEMARIE L STOREY
RUDMAN & WINCHELL
84 HARLOW ST
PO BOX 1401
BANGOR ME 04402-1401


Attorney for: GARY WALKER
EDMOND BEAROR
RUDMAN & WINCHELL
84 HARLOW ST
PO BOX 1401
BANGOR ME 04402-1401


MELANIE WALKER  - PLAINTIFF
141 BAKER ROAD
WINTERPORT ME 04496
Attorney for: MELANIE WALKER
ANNEMARIE L STOREY
RUDMAN & WINCHELL
84 HARLOW ST
PO BOX 1401
BANGOR ME 04402-1401


Attorney for: MELANIE WALKER
EDMOND BEAROR
RUDMAN & WINCHELL
84 HARLOW ST
PO BOX 1401
BANGOR ME 04402-1401



VS
MAINE SPORTS COMPLEX LLC - DEFENDANT
330 COLDBROOK ROAD
HAMPDEN ME 04444
Attorney for: MAINE SPORTS COMPLEX LLC
RICHARD SILVER
RUSSELL LINGLEY & SILVER
145 EXCHANGE STREET
BANGOR ME 04401-6505


PETER MADIGAN  - DEFENDANT
330 COLDBROOK ROAD
HAMPDEN ME 04444
Attorney for: PETER MADIGAN
RICHARD SILVER
RUSSELL LINGLEY & SILVER
145 EXCHANGE STREET
BANGOR ME 04401-6505

SUPERIOR COURT
PENOBSCOT, ss.
Docket No   BANSC-CV-2003-00013

DOCKET RECORD

Printed on: 03/11/2004